ANTHONY P. EPPOLITO, ESQ.
Nemeti McDermott Eppolito & Hedglon
*Attorney for Debtor*
11 Farrier Avenue
Oneida, New York 13421

JOHN R. WEIDER, ESQ.
Harter Secrest & Emery, LLP
*Attorneys for Horizon Solutions, LLC*
1600 Bausch & Lomb Place
Rochester, New York 14604

RE:     Steven D. Morris and Katherine A. Morris, Case No. 10-60113

## LETTER DECISION AND ORDER

Before the Court is the motion of Horizon Solutions, LLC ("Horizon") dated April 26, 2010, for an order (1) lifting the automatic stay pursuant to 11 U.S.C. § 362(d)(1) to allow Horizon to proceed with certain state court litigation, (2) waiving the fourteen day stay imposed by Federal Rule of Bankruptcy Procedure 4001(a)(3) upon entry of an order granting a motion for relief from stay; and (3) extending its time to object to discharge pursuant to Federal Rule of Bankruptcy Procedure 4004(b). Steven D. Morris and Katherine A. Morris ("Debtors") filed Opposition to Horizon's motion on May 5, 2010, and Horizon filed its Reply in Support of its motion on May 10, 2010, as amended by letter dated May 12, 2010. The matter was heard on the Court's regular motion calendar in Utica, New York, on May 13, 2010, and adjourned to June 10, 2010, for the Court's issuance of an oral decision. After reviewing the parties' papers in this matter, the Court determined that a Letter Decision and Order would be more appropriate.

Preliminarily, the Court notes that Horizon's Notice of Motion and Amended Notice of Motion, as well as its original motion papers, request an extension of time to object to Debtors' discharge, while Horizon's Reply papers repeatedly state that an extension is required for it to seek a determination as to dischargeability of a debt. The latter relief falls under Federal Rule of Bankruptcy Procedure 4007(c), and is subject to the same standard as a request for relief under Federal Rule of Bankruptcy Procedure 4004(b). The Court, therefore, will treat Horizon's motion as one to extend both deadlines, given that Debtors have received sufficient notice of the same.

The Court has jurisdiction to adjudicate this contested matter pursuant to 28 U.S.C. §§ 157(a), (b)(1), (b)(2)(G), and 1334(b).  The following constitute the Court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.

Debtors filed a petition for Chapter 7 relief on January 21, 2010.  On January 22, 2010, the Clerk's Office issued the "Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, and Deadlines," therein setting a deadline of April 26, 2010, for parties to file a complaint objecting to Debtors' discharge or to determine dischargeability of certain debts.  The Clerk's Office issued an Amended Notice on February 3, 2010, but it did not change the deadline for commencement of 11 U.S.C. §§ 523 or 727 proceedings.  As previously stated, Horizon timely filed the motion *sub judice* on the final day.

Debtors list Horizon in Schedule F as the holder of a general unsecured claim in the amount of $497,756.67.  In their Statement of Financial Affairs, Debtors list two pre-petition suits against them, the first being Regional Economic Development and Energy Corporation versus ICT Mechanical Services Incorporated (hereafter referred to as "ICT"), and Steven and Katherine Morris, and the second being Citibank (South Dakota), National Association versus Steven D. Morris.  However, Debtors acknowledge in their Opposition to Horizon's motion that Mr. Morris is also a named defendant in multi-party litigation commenced by Horizon on or about December 28, 2009, in the New York State Supreme Court, Tompkins County, under Index Number 09-1402 (hereafter referred to as the "State Court Action").  In the State Court Action, Horizon claims, *inter alia*, that Mr. Morris, together with the former corporation of which he was a principal and his business associate, are jointly and severally liable for an alleged diversion of trust funds in the amount of $31,155.60 pursuant to Article 3-A of the New York Lien Law.  *See* N.Y. Lien Law §§ 70-79-a (Consol. 2010).

In support of its request to extend the deadline to object to Debtors' discharge or dischargeability of its scheduled debt, Horizon argues that the determination of the pending State Court Action will likely provide Horizon with a basis for its bankruptcy causes of action, if any. Accordingly, Horizon asks for an open-ended extension of time to commence an adversary proceeding until thirty days from the date of entry of the final judgment in the State Court Action, as well as any related or consolidated actions.  Horizon states that it has been diligently pursuing discovery in the State Court Action against the numerous other party defendants, and it anticipates that ICT's answer or responsive pleading in that action may raise certain defenses or produce certain

documents that are not in the possession of Mr. Morris, but that would be relevant to a determination of dischargeability. Horizon further argues that its request for an extension of deadlines is justified, notwithstanding that it did not appear at Debtors' § 341 meeting of creditors or seek to conduct a Rule 2004 examination prior to bringing the instant motion, because it expects discovery in the State Court Action, if allowed to continue, to ferret out the same or similar facts and issues. Debtors, however, refute Horizon's arguments of judicial economy and timeliness, and assert that Horizon had the means and opportunity to determine whether it held a viable cause of action under 11 U.S.C. §§ 523 and/or 727.

Under Federal Rule of Bankruptcy Procedure 4004(b) and Federal Rule of Bankruptcy Procedure 4007(c), the Court may "for cause" extend the time for filing a complaint objecting to discharge or dischargeability of a debt. Although the term is frequently used, neither the Rules nor the Bankruptcy Code define what constitutes cause, but case law provides guideposts as to when cause is lacking, such as where the party requesting an extension failed to (1) diligently pursue discovery prior to expiration of the deadline, (2) attend the debtor's § 341 meeting of creditors or to request a Rule 2004 examination, or (3) otherwise initiate discovery prior to making the motion for an extension of time. *See In re Grillo*, 212 B.R. 744, 747 (Bankr. E.D.N.Y. 1997) (citing cases); *see also In re Mendelsohn*, 202 B.R. 831, 832 (Bankr. S.D.N.Y. 1996) (holding that a creditor's lack of diligence in retaining counsel or otherwise acting to protect or assert his rights under the bankruptcy laws did not constitute cause under Federal Rule of Bankruptcy Procedure 4007(c)). As the *Grillo* court also recognized, however, the need for discovery, absent a delay in seeking the same by the movant, may oftentimes support a favorable ruling by the court to award the movant additional time to initiate an adversary proceeding. *Id.* (citing *In re Amezaga*, 192 B.R. 37, 41 (Bankr. D. P.R. 1996)).

Here, the Court considers Horizon's first request for an extension of time. The Court finds Horizon's arguments to be of merit, particularly in light of the fact that the State Court Action was commenced only three weeks prior to Debtors' bankruptcy filing, such that any meaningful discovery would still be outstanding. In addition, given the interplay between Article 3-A of the New York Lien Law and certain bankruptcy statutes, discovery responses derived from the State Court Action may be instrumental, at least in part, for Horizon to determine whether it has any actionable bankruptcy claims. The Court will therefore grant Horizon's request for an extension of time to file a complaint objecting to Debtors' discharge and/or dischargeability of its debt, but it will

not allow for an open-ended timeframe such that Debtors' bankruptcy case would indefinitely be held in limbo. The Court believes sixty days, running from the date of this oral decision, is a reasonable period of time for Horizon to conclusively determine whether it has a cause of action under 11 U.S.C. §§ 523 and/or 727, and to commence an adversary proceeding in furtherance of its rights thereunder.

Given the Court's emphasis on the value of discovery in the State Court Action, it follows that the Court also finds cause to grant Horizon's request for relief from stay. Section 362(a)(1) provides that a bankruptcy petition "operates as a stay, applicable to all entities, of the commencement or continuation . . . of a judicial . . . action or proceeding against the debtor that was or could have been commenced" before the debtor's bankruptcy filing. Subsection (d) provides, however, that "on request of a party in interest and after notice and a hearing, the court shall grant relief from the stay under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay for cause." The party seeking relief from the automatic stay must make an initial showing of cause under subsection (d)(1), and, if met, subsection (g)(2) places the burden of proof on the party opposing such relief for all issues other than the debtor's equity in property.

Although the term "for cause" is not defined in the Bankruptcy Code, 11 U.S.C. §§ 101-1532, the Second Circuit has adopted twelve factors that the Court may consider when deciding whether or not to lift a stay in order to allow for the continuation of litigation in another tribunal. *Sonnax Indus., Inc. v. Tri Component Prods. Corp. (In re Sonnax Indus.)*, 907 F.2d 1280 (2d Cir. 1990). These factors include:

1. whether relief would result in a partial or complete resolution of the issues;
2. lack of any connection with or interference with the bankruptcy case;
3. whether the other proceeding involves the debtor as a fiduciary;
4. whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;
5. whether the debtor's insurer has assumed full responsibility for [a defense];
6. whether the action primarily involves third parties;
7. whether litigation in another forum would prejudice the interests of other creditors;
8. whether the judgment claim arising from the other action is subject to equitable subordination;
9. whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor;
10. the interests of judicial economy and the expeditious and economical resolution of litigation;
11. whether the parties are ready for trial in the other proceeding; and

    12. [the] impact of the stay on the parties and the balance of harm.

*Id.* at 1285-86 (citing *In re Curtis*, 40 B.R. 795, 799-800 (Bankr. D. Utah 1984)).  Using this totality of the circumstances approach, the Court finds factors one, two, three, four, six, seven, ten, and twelve to be most relevant here.  All but the last factor weigh heavily in favor of lifting the automatic stay.  First, the State Court Action will fix liability and the amount of the debt in question.  Second, Debtors' case is a no asset Chapter 7, thus the litigation bears no connection to the administration of Debtors' bankruptcy case and it will not interfere with the same.  Third, the State Court Action does involve Mr. Morris as a fiduciary.  Fourth, the state court is the proper tribunal to hear the state law causes of action against Mr. Morris as one of several defendants.  Fifth, the State Court Action involves numerous non-debtor parties, for which liability will need to be apportioned.  Sixth, none of Debtors' creditors will be prejudiced by the continuation of the State Court Action.  Seventh, the interests of judicial economy would best be served by allowing for liquidation of Horizon's claim because this is a no-asset case, which is required to advance any action under 11 U.S.C. § 523.  With respect to the twelfth and final factor, the impact of the stay on the parties and the balance of harm, the Court notes that the issues of liability and the amount of the debt will need to be determined by one court or another if Horizon successfully pursues an objection to Debtors' discharge or an objection to dischargeability of its debt.  Debtors argue that lifting the automatic stay would cause them to suffer a financial hardship because they would incur attorneys' fees and costs, should they find it necessary to defend the State Court Action.  The Court must reject this argument because Debtors are not prejudiced for the reason that they would have had to make this choice—whether or not to incur the costs of defense—if they had not filed for bankruptcy relief three weeks after the State Court Action was initiated, and, further, any potential prejudice to the

Debtors is outweighed by Horizon's right to fix and apportion liability among the numerous defendants in the State Court Action.

Based on the foregoing, Horizon's motion is granted in its entirety. The deadline for Horizon to file a complaint objecting to discharge or dischargeability of its debt is extended through and including August 26, 2010, and the stay is lifted, effective immediately, for the limited purpose of allowing Horizon to liquidate, but not enforce, its claim against Mr. Morris.

IT IS SO ORDERED.

Dated at Utica, NY
this 27th day of May 2010

                                                    /s/ Diane Davis
                                                    DIANE DAVIS
                                                    U.S. Bankruptcy Judge